Jacqueline McBRIDE, Plaintiff,

v.

Andrea ROUTH (in her official capacity), Defendant.

No. 3:97 CV 1939 GLG.

United States District Court, D. Connecticut.

Aug. 24, 1999.

---

Rebecca L. Johnson, Bridgeport, CT, for plaintiff.

## *MEMORANDUM DECISION*

GOETTEL, District Judge.

Plaintiff moves for joinder of party defendants pursuant to Fed.R.Civ.P. 19 and 20. For a variety of reasons, the motion (**Doc. No. 18**) is **DENIED,** and the case dismissed.

## *PRIOR RULINGS*

This case was commenced almost two years ago. It alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, and unlawful employment practices in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 (the "1981 claim"). The Title VII claims were of two types: denial of a promotion based upon race and color and denial of a later promotion in retaliation for an agency complaint filed with respect to the first denial of promotion. We presume that the 1981 claim concerned race and color since there is nothing in that statute relating to retaliation for filing a Title VII complaint. The original named defendants were the State of Connecticut Department of Children and Families and Andrea Routh, in her individual and official capacities as an employee of the Department.

About a year and a half ago, a motion to dismiss was filed seeking a dismissal of the claims against Andrea Routh in her individual capacity and of all claims against the State Department of Children and Families for failure to effect service of process within one hundred twenty (120) days. The motion to dismiss was granted on April 28, 1998, but the dismissal of the State Department was without prejudice to making prompt service. At that point, the action continued only against Andrea Routh in her official capacity.

For reasons never explained, plaintiff failed to make service upon the State Department of Children and Families. This is mystifying since the State Department would be the central, if not the critical, defendant in an action of this sort. In addition to not making proper service, plaintiff never prepared a Rule 26(f) scheduling order or a Report of Parties Planning Conference and never commenced discovery.

Last fall defendant filed another motion to dismiss what remained of the action against Routh in her official capacity. This motion was granted on May 12, 1999, but plaintiff was given leave to file an amended complaint consistent with that decision within thirty (30) days. In ruling on this second motion to dismiss, this Court held that Title VII applies only to employers and not to supervisors such as Routh, sued in their official capacities. *See Tomka v. Seiler Corp.,* 66 F.3d 1295 (2d Cir.1995). As to the § 1981 claim, we held that the Eleventh Amendment barred suits for damages against state officials in their official capacities. We noted, however, that the Eleventh Amendment does not bar claims for prospective relief against individuals acting in their official capacities. Although the complaint had a general request for declaratory and injunctive relief, it was not clear what sort of prospective, injunctive relief plaintiff was seeking or what would be of value to her, since in October of 1997 she had received the promotion which she claimed was improperly denied to her. Consequently we granted plaintiff leave to file an amended complaint consistent with our decision.

Instead of the amended complaint we authorized, a motion for joinder of additional party-defendants (other supervisory personnel) was filed, along with an unauthorized amended complaint. The motion and proposed amended complaint do not comply in any respect with the Court's earlier decision nor do they indicate what sort of injunctive relief is requested.

## *DEFICIENCIES IN THE PRESENT MOTION AND PROPOSED AMENDED COMPLAINT*

■ (1) The motion for joinder of party defendants is not timely. Under the District's standing order in civil cases motions relating to joinder must be filed within sixty (60) days after the filing of the complaint.

(Standing Order ¶ 2(a)). The Court's allowance of an amendment in its May 12, 1999 decision did not give plaintiff leave to seek the addition of parties nor has good cause been shown as to why the two proposed new parties were not named in the original complaint, since plaintiff and her counsel have been aware of their participation in promotional decisions for several years.

(2) The motion does not comply with Local Rule 9(a) which requires a written memorandum of law and states that failure to submit a memorandum may be deemed sufficient cause to deny the motion. Plaintiff did not file a memorandum of law, as such, but did include a one-page "Statement of Law/Argument" with the motion. That statement includes no citation to any case justifying the plaintiff's present motion.

(3) As noted above, the motion does not comply with the Court's earlier decision concerning liability of supervisors under Title VII or the liability of officials under § 1981 in light of the Eleventh Amendment. The claims against Andrea Routh in her individual capacity were dismissed with prejudice in the Court's first decision. Nothing in the May 12, 1999 decision reopened that ruling.

(4) The two additional persons sought to be joined, Judith Grossner and David Jones, would be highly prejudiced by their addition to this action at this late point. Indeed, the statute of limitations ran two years ago as to both of them on both possible claims.

(5) To state a § 1981 claim against Grossner and Jones, plaintiff would have to show that their actions were racially motivated. If their actions were in retaliation for plaintiff's earlier agency complaint, that does not support a § 1981 claim. (Plaintiff does conclusorily allege that their actions were also racially motivated).

■ (6) Grossner and Jones are not parties as to whom mandatory joinder is necessary under Fed.R.Civ.P. 19(a). As supervisors, they have no liability for Title VII violations under the *Tomka* decision. As to the § 1981 claim, complete relief could be afforded against the State Department had plaintiff made timely service. Nor are Grossner and Jones appropriate parties for permissive joinder in light of the untimeliness of plaintiff's motion and the running of the statute of limitations against them.

For all the foregoing reasons, the motion for joinder of additional party defendants is denied.

## CONCLUSION

Having given plaintiff leave to file an amended complaint for a specific purpose and plaintiff having instead filed an amended complaint that does not comply in any respect with the Court's earlier rulings or deal with the outstanding problem in the complaint concerning injunctive relief, this Court is left with no other alternative except to dismiss the case. The Clerk will enter judgment for the remaining defendant.